# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No. 04-03170-01CR-S-ODS |
| | ) | |
| WILLIAM THOMAS HOWELL, | ) | |
| [DOB: 1956] | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION OF THE UNITED STATES' NOTICE FOR
## A PRETRIAL DETENTION HEARING PURSUANT
## TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

Comes Now the United States of America, by the United States Attorney for the Western District of Missouri, and moves the Court for its order setting a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f) for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for this motion, the Government submits that there is probable cause to believe that the defendant poses a risk to the safety of other persons in the community and that Defendant poses a serious risk to flee.

### Supporting Suggestions

Subsection 3142(g), Title 18, United States Code, provides in part:

"The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other

person and the community, take into account concerning . . . the history and characteristics of the person, including the person's character . . . family ties, employment, length of residence in the community, community ties, past conduct . . . criminal history, and record concerning appearance at court proceedings."

The Government submits that the evidence in this case, together with the defendant's prior and current history of criminal violence, clearly supports the proposition that the defendant is a threat to the safety of persons in the community including but not limited to Beverly Sue Erdmann, members of his own family and others in the community.

The defendant is prohibited from possessing firearms because he was previously convicted for an assault of Beverly Sue Erdmann in Howell County, Missouri, January 7, 1998. The defendant was arrested and originally charged with the felony of Unlawful Use of a Weapon by "knowingly exhibiting a gun... in an angry or threatening manner." At the time of his arrest for that offense, he and Ms. Erdmann had been domestic partners for approximately eight years. Ms. Erdmann has stated that the defendant pointed a handgun at her and threatened to kill all of the animals, her and anyone else that got in his way. The defendant also discharged the firearm into the floor to prove it was loaded. On or about January 7, 1998, the defendant pleaded guilty to the amended charge of assault in the third degree by creating "a grave risk of death to Sue Erdmann by waving a loaded gun at her." He received a suspended 30 day jail sentence and probation for one year with a condition that he complete anger management training. His completion of that training and his successful discharge from probation does not appear to have altered his issues with anger.

In the instant matter, Howell County deputies arrested the defendant on November 16,

2

2002. The defendant had stopped at the residence of Ms. Erdmann. She saw him in possession

of two firearms. He pointed one at her and threatened her. Deputies later contacted him at his

residence. The defendant assaulted one deputy while he tried to flee an arrest for Unlawful Use

of a Weapon by threatening Ms. Erdmann with a firearm. He was charged with Unlawful Use of

a Weapon, Assault of a Police officer and Resisting Arrest. The charges were disposed by a plea

agreement on or about September 9, 2004, wherein the defendant pleaded guilty to a

misdemeanor resisting arrest charge and was sentenced to serve ten days in jail. The plea

agreement also included a dismissal of the pending felonies and all other pending state charges.

The state charges that were dismissed included two unrelated misdemeanor charges of peace

disturbance and  possession of a switchblade knife.

 Pursuant to the plea agreement, another incident arising to a charge of domestic assault

was dismissed. On or about February 19, 2004, the defendant appeared at the AMVETS hall in

Howell County where Ms. Erdmann worked as a volunteer one night a week. He was later

charged with placing "Beverly Erdmann in apprehension of immediate physical injury by

displaying a pool cue in a threatening manner" and  making verbal threats toward her.

 The defendant has continued to display violent behavior recently. On November 12,

2004, the defendant shot and killed Donald Reed at the residence of Norman Burnett in Howell

County. The defendant killed Mr. Reed with a Mossberg .22 caliber rifle his girlfriend gave him

that she had retrieved from the defendant's truck. The defendant claimed the killing was in self-

defense.

 On December 5, 2004, the defendant purposefully crashed his vehicle into a vehicle

occupied by his sister, Joann Flygare, and another occupant. The defendant has been charged in

3

Howell County with Assault in the Second Degree in connection with this violent behavior. Specifically, he was charged with attempting to cause physical injury to his sister, Joann Flygare, "by means of a dangerous instrument by purposefully striking the vehicle which she was driving."

On December 17, 2004, the defendant was arrested for the outstanding state warrant for the Assault in the Second Degree and for the federal warrant in the instant case. He admitted to possession of firearms. He gave consent to search his truck and his home. Six firearms and ammunition were thereafter seized from his home.

Due to the circumstances regarding the defendant's domestic assault conviction in 1998, the circumstances regarding the facts underlying the instant offense and his possession of six firearms during his arrest for it, all coupled with the evidence of the defendant's criminal violence toward Ms. Redman and other including Donald Reed and the defendant's sister, Joann Flygare, it is clear that there are no conditions of release which will provide for the safety of the community and the defendant's continued appearance. Accordingly, the Government requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

Todd P. Graves
United States Attorney

By      /s/ Michael O. Hendrickson

Michael O. Hendrickson
Special Assistant United States Attorney
MO Bar No. 41253
901 E. St. Louis Street, Suite 500
Springfield, Missouri 65806-2511
(417) 831-4406

4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing was filed electronically this 22nd day of December, 2004, to the following:

The Office of the Federal Public Defender
901 St. Louis Street, Suite 801
Springfield, Missouri 65806


/s/ Michael O. Hendrickson
Michael O. Hendrickson
Special Assistant United States Attorney