IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04-03170-01-CR-S-ODS |
| ) | |
| WILLIAM THOMAS HOWELL, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. The case is before the Court on defendant's Motion to Dismiss Indictment For Lack of Jurisdiction. Defendant contends that his underlying misdemeanor conviction for assault in the third degree does not contain the necessary element, "the use or attempted use of physical force, or the threatened use of a deadly weapon," as defined in 18 U.S.C. § 921(a)(33)(A)(ii), to make it a predicate offense under 18 U.S.C. § 922(g)(9). He asserts that, as a matter of law, he is not a prohibited person under the federal firearms laws by way of his misdemeanor assault conviction.

Defendant was indicted in federal court for knowingly possessing a firearm after having been convicted of a misdemeanor crime of domestic violence under Missouri law, which is a violation of 18 U.S.C. § 922(g)(9). The government alleges that he possessed a firearm in violation of that statute, due to his prior misdemeanor conviction in the Associate Circuit Court of Howell County,

1

Missouri, for assault in the third degree. In the state case, defendant entered a plea of guilty to an Information, charging him with a Class A Misdemeanor, in violation of Mo. Rev. Stat. § 565.070. The information charges that he "created a grave risk of death to Sue Erdman by waving a loaded gun at her." [Misdemeanor Information, Defendant's Exhibit 1].

Under Missouri law, an individual commits third degree assault if: (1) he attempts to cause or recklessly causes physical injury to another person; or (2) with criminal negligence he causes physical injury to another person by means of a deadly weapon; or (3) he purposely places another person in apprehension of immediate physical injury; or (4) he recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person; or (5) he knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative; or (6) he knowingly causes physical contact with an incapacitated person, which a reasonable person, who is not incapacitated, would consider offensive or provocative. Mo. Rev. Stat. § 565.070.1, <u>Assault in the third degree</u>. Violations of subsections 1, 2, and 4 are Class A misdemeanors, and violations of subsections 3 and 5 are Class C misdemeanors. § 575.070.2 and .3.

Defendant argues that he is not subject to the firearms disability imposed by § 922(g)(9) because the government cannot establish, as a matter of law, that he was convicted of an offense that contained the necessary element "the use or attempted use of physical force, or the threatened use of a deadly weapon," as defined under 18 U.S.C. § 921(a)(33)(A)(ii). Defendant asserts that "it can **never** be established under which subsection of § 565.070 he was convicted" because a person may be guilty of misdemeanor assault yet not have been convicted of an offense that has as an element "the use or attempted use of physical force or the threatened use of a deadly weapon." [Defendant's

2

Motion at 4].   Accordingly, defendant moves for the indictment against him to be dismissed.

In response, the government contends that defendant is a prohibited person under § 922(g)(9) because he threatened the use of a deadly weapon in committing the assault. It is contended that a cursory review of the charging document to which defendant pled guilty demonstrates that his assault conviction stems from his threatening use of a loaded firearm and demonstrates that his predicate misdemeanor crime is sufficient for § 921(a)(33)(A) purposes. In this case, because defendant's conviction resulted from having waved a loaded gun at his live-in girlfriend, the government contends that it need not prove physical force, but rather, only prove that he threatened the use of a deadly weapon. Further, it is asserted, that even if physical force were required, defendant's actions constituted sufficient force, and that the Court is entitled to review the readily available court records to make that determination.

In United States v. Smith, 171 F.3d 617, 620 (8th Cir. 1999), the Court held that § 921(a)(33) requires "the predicate misdemeanor to have only one element: the use or attempted use of physical force (or its alternative, the threatened use of a deadly weapon. . . .)" It also held that, where the predicate conviction was the result of a guilty plea, the Court may examine "the charging papers to determine to which section of a statute a defendant pleaded guilty." Id. at 621.

In the instant case, defendant pled guilty to a violation of § 565.070.1, admitting that he "created a grave risk of death to Sue Erdman by waving a loaded gun at her." [Misdemeanor Information]. Although the information to which he pled guilty does not specify under which subsection of § 565.070 he pled, because he was charged with a Class A Misdemeanor, he had to have pled to either subsection (1), (2), or (4). More importantly, however, the language used in that charging document, "created a grave risk of death" is the precise language used in subsection (4),

3

in which a person is deemed to have committed third degree assault if he "recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person. . ." § 565.070.1(4). It is the Court's opinion that the charging document indicates that defendant committed a crime that had an element of the threatened use of a deadly weapon to it. He admitted that he "created a grave risk of death to Sue Erdman by waving a loaded gun at her," which certainly includes as an element " the threatened use of a deadly weapon," within the purview of § 921(a)(33). As the government contends, the offense to which he plead guilty would also satisfy the alternative element of "physical force."

It is defendant's position that it can never be established under which subsection of § 565.070 he was convicted, and therefore, the necessary element cannot be established. He relies on Smith and United States v. Brun, 2004 WL 234401 (D.Minn. Feb. 2, 2004), for the proposition that where the government cannot establish which portion of a statute the defendant pled guilty to, it is not able to establish that he was a prohibited person under § 922(g)(9). Clearly, Brun has no precedential value. In reviewing Smith and the cases upon which that decision relied, the Court finds that defendant's argument is not supported by the law. In Smith, the Eighth Circuit relied on Taylor v. United States, 495 U.S. 575 (1990). It reviewed the history of Taylor, a case involving a sentence enhancement under 18 U.S.C. § 924(e) for prior burglaries. In doing so, the Smith court noted that Taylor was remanded because it could not be determined, from the record, under which subsection of the Missouri burglary statute the defendant had pleaded guilty. On remand, the Eighth Circuit held that it was appropriate to look to the charging papers to determine to which section of a statute a defendant pled guilty. United States v. Taylor, 932 F.2d 703, 707 (8th Cir.), cert. denied, 502 U.S. 888 (1991). The Court upheld defendant's conviction, after having reviewed

4

the charging documents, although these did not reference a specific section of the state burglary statute. The Court held that "[t]he fact that neither information specified the particular Missouri statute under which it was laid does not preclude a conclusion that the information charged violations of those statutes. The critical inquiry is whether the conduct the information charged violated the particular Missouri statutes, not whether the informations themselves referred to the statutes." Id. at 708.

This Court believes that the reasoning of Taylor applies to the facts of this case, and that it is not necessary that the information itself refers to a particular subsection of the statute. In this case, the charging document refers to Missouri's third degree assault statute. Defendant was charged with a Class A Misdemeanor under § 565.070, limiting the subsections under which he was pleading to either (1), (2), or (4). It can be concluded that he was being charged under subsection (4) because the language used in the information totally tracks the language of that subsection. Finally, regardless of the fact that the subsection itself was not delineated in the information, the charging document itself satisfies the necessary element of "the threatened use of a deadly weapon," as defined in 18 U.S.C. § 921(a)(33)(A)(ii), by charging defendant with creating a grave risk of death by threatening someone with a loaded gun. This renders defendant's conviction a predicate offense under 18 U.S.C. § 922(g)(9). Therefore, the Court must reject defendant's contention that he is not a prohibited person under the federal firearms laws by way of his misdemeanor assault conviction. Accordingly, it must be recommended that defendant's motion to dismiss the indictment be denied

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's motion to dismiss the indictment be denied.

                                                  /s/ James C. England
                                                  JAMES C. ENGLAND
                                                  United States Magistrate Judge

Date: 07/12/05