IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-03170-01-CR-S-ODS |
| | ) | |
| WILLIAM THOMAS HOWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

On July 12, 2005, the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri, issued his Report and Recommendation recommending that Defendant's Motion to Dismiss the Indictment be denied. Defendant filed an Objection. The Court has conducted a de novo review, and now overrules Defendant's objection, adopts the Report and Recommendation ("Report") as the Order of the Court, and denies Defendant's Motion to Dismiss the Indictment.

Defendant has been charged by indictment with violating 18 U.S.C. § 922(g)(9), which makes it unlawful for a person "who has been convicted in any court of a misdemeanor crime of domestic violence" to possess a firearm or ammunition. A "misdemeanor crime of domestic violence" is statutorily defined to include any state misdemeanor that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon" in a domestic or family setting. 18 U.S.C. § 921(a)(33).

Prior to the date Defendant is alleged to have violated the federal firearm statute, he plead guilty to a state charge of third degree assault in violation of section 565.070 of the Revised Missouri Statutes. A violation of this statute is a misdemeanor, and the specific grade of misdemeanor is determined based on the subsection invoked. Defendant was charged with and plead to a Class A misdemeanor, so he must have been charged with violating subsection 1, 2, or 4.

Subsection 1 states a person commits assault in the third degree if he "attempts to cause or recklessly causes physical injury to another person." Subsection 2 states a person commits the crime if "[w]ith criminal negligence the person causes physical injury to another person by means of a deadly weapon," and subsection 4 applies when "[t]he person recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person."

The Court may examine the charging instrument to determine which subsection of the state statute Defendant was charged with (and plead guilty to) violating. United States v. Smith, 171 F.3d 617, 621 (8th Cir. 1999). The Information in the state case charged Defendant "created a grave risk of death to Sue Erdman by waving a loaded gun at her." Defendant was not alleged to have caused or attempting to cause physical injury. To the contrary, Defendant was charged with causing a "grave risk of death," which tracks the language from subsection 4. The Court concludes Defendant was charged with, and plead guilty to, committing third degree assault as defined in section 565.070.1(4) of the Revised Missouri Statutes.

The next issue is whether a conviction under subsection 4 qualifies as a "misdemeanor crime of violence." It does not qualify under the first clause of the definition because a conviction under subsection 4 does not require proof of "the use or attempted use of physical force." However, subsection 4 does require proof of "the threatened use of a deadly weapon," and for that reason a conviction under section 565.070.1(4) qualifies as a "misdemeanor crime of domestic violence" as defined in 18 U.S.C. § 921(a)(33).

Defendant's Motion to Dismiss the Indictment is denied.

IT IS SO ORDERED.

                                                        /s/ Ortrie D. Smith
                                                        ORTRIE D. SMITH, JUDGE
DATE: September 21, 2005               UNITED STATES DISTRICT COURT